**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Alexander R. Kores

       v.                                 Civil No. 06-cv-352-SM

New Hampshire State Prison

**<u>REPORT AND RECOMMENDATION</u>**

Alexander Kores has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter is before me for preliminary review.  <u>See</u> Rule 4 of the Rules Governing § 2254 proceedings (requiring initial review to determine whether the petition is facially valid); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se actions to determine whether or not the plaintiff has stated any claim upon which relief might be granted).  As discussed herein, I find that the petition is not facially valid as it does not demonstrate exhaustion of the claims raised therein.

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the

magistrate judge is directed to conduct a preliminary review and
to prepare a report and recommendation determining whether the
complaint or any portion thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the
> action is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, or seeks
> monetary relief from a defendant who is immune
> from such relief under 28 U.S.C. § 1915A(b); or

> (ii) it fails to establish subject matter
> jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting the preliminary review, the Court
construes pro se pleadings liberally.  See Ayala Serrano v.
Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following
Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se
pleadings liberally in favor of the pro se party).  "The policy
behind affording pro se plaintiffs liberal interpretation is that
if they present sufficient facts, the court may intuit the
correct cause of action, even if it was imperfectly pled."  Ahmed
v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied,
Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions
made by the petitioner and inferences reasonably drawn therefrom
must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3
(1st Cir. 1996) (stating the "failure to state a claim" standard

2

of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  <u>See</u> <u>Eveland v. Dir. of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).

<u>Background</u>

Kores was convicted of several felonies in December of 1995. He was sentenced to five to ten years in the New Hampshire State Prison ("NHSP").  Kores states that his proper maximum release date, or the date upon which his parole would have terminated if he were released prior to the expiration of his maximum sentence, was December 15, 2005.  In November of 2005, Kores filed a motion to correct his sentence in the trial court, alleging that the NHSP had unilaterally changed his maximum release date to November 21, 2006.  Kores states that the motion was denied in April of 2006.  Kores indicates in his petition that he did not appeal this result to the New Hampshire Supreme Court.

In the meantime, Kores was released on parole in November of 2005.  When his motion to correct sentence was denied in April 2006, Kores was contacted by a Connecticut parole officer[1] and

---

[1] I presume that Kores was living in Connecticut at the time.

3

advised that he had to sign a "new parole paper" which stated that his maximum release date was November 21, 2006, or that he would be incarcerated.  Kores signed the paper to avoid incarceration.  However, in May of 2006, Kores was arrested for driving while intoxicated and his parole was subsequently revoked and Kores was reincarcerated at the NHSP.  He is currently incarcerated at the New Hampshire State Prison, presumably until November 21, 2006, unless he is paroled before that date.

Kores now contends that his incarceration is illegal as it has extended beyond the maximum date on which he could be held. Although Kores has not identified with specificity what, if any, federal constitutional claims he raised in the state courts, I find that Kores' claim, liberally construed, is that he is being held pursuant to a sentence imposed in violation of his due process rights, guaranteed by the Fourteenth Amendment.

<u>Discussion</u>

Under § 2254, federal courts are authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  To be eligible for

habeas relief, Kores must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489–92 (1973); Benson v. Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358–59 (1st Cir. 1981).  Kores satisfies the first eligibility requirement as he is currently in custody, ostensibly pursuant to the sentence in question.  However, at this time, Kores neither demonstrates that he has exhausted his state remedies, nor that effective state remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v. Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner

to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).  Kores concedes that he has not presented his federal due process claim to the New Hampshire Supreme Court for consideration and thus has not given that Court the opportunity to rule on the issue.

<u>Conclusion</u>

I find that Kores has failed to exhaust his state remedies. Accordingly, I recommend his petition be dismissed without prejudice to: (1) filing an appeal of his motion to correct sentence in the New Hampshire Supreme Court and giving them the opportunity to rule on his federal due process claim, and/or (2) filing a new petition for a writ of habeas corpus in the trial court.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of</u>

Law Comm. v. Gordon, 979 F.2d 11, 13–14 (1st Cir. 1992); United

States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:  October 13, 2006

cc:    Alexander R. Kores, *pro se*